[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #120
This is an action of replevin in which it is alleged that the plaintiff and defendant entered into a loan contract and security agreement for the sale by the plaintiff to the defendant of a John Deere tractor. The agreement provided that upon a default in payments by the defendant, the plaintiff retained the right to take immediate possession of the tractor. CT Page 7515
On January 23, 1991, the plaintiff filed an application for an ex parte prejudgment remedy (PJR) of replevin against the defendant. Included with the plaintiff's application was an affidavit and a bond in the amount of sixteen thousand dollars. The plaintiff asserted that the defendant had failed to make payment pursuant to the terms of the sales agreement. The court granted the plaintiff's application on January 30, 1991, and on February 9, 1991 the plaintiff took possession of the tractor. On February 14, 1991 the plaintiff instituted this action by filing a complaint in court.
At issue in the plaintiff's motion to strike is the defendant's fifth special defense which alleges:
 1. The plaintiff violated the defendant's right under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that it:
 a. Replevied the defendant's tangible personal property without a hearing and disposed of the property so replevied prior to a court order or judgment;
 b. Disposed of the replevied tangible personal property and thereby placed itself in the position of only being able to respond to the defendant in money damages and at the same time invoked provisions of the Connecticut law relating to replevin to prevent the defendant from claiming its full money damages in this action.
At oral argument counsel for the defendant stated that it was not his claim that the plaintiff failed to follow the Connecticut statutory scheme as to the replevin of goods or a prejudgment remedy. Therefore, it's counsel conceded that the special defense in issue must necessarily implicate the constitutionality of that statutory scheme itself.
Essentially, the defendant argues that the procedure followed by the plaintiff in seeking its PJR violated the due process clause of the fourteenth amendment, and in particular that the plaintiff wrongfully seized and disposed of the tractor CT Page 7516 without a hearing and without the plaintiff obtaining a judgment.
The Connecticut Supreme Court has upheld the constitutionality of Connecticut's statutory scheme with respect to an action of replevin. Shawmut Bank, N.A. v. Valley Farms,222 Conn. 361 (1992). In Shawmut the defendant argued that the United States Supreme Court decision in Connecticut v. Doehr,111 S.Ct. 2105 (1991) required that the plaintiff establish more than probable cause, namely, exigent circumstances in order to obtain an order of replevin. In distinguishing the case at hand the Shawmut Court stated that the probable cause standard was constitutionally sufficient "because the facts at issue, namely, the existence of the debt and whether it was in default, were `ordinarily uncomplicated matters that lend themselves to documentary proof.'" at p. 373. The Shawmut Court also distinguished Doehr in which the plaintiff had no existing interest in the defendant's real estate in which an attachment was sought, from a stiuation [situation] such as that at hand, where the plaintiff has a preexisting security interest in the property sought to be replevied at p. 374.
The court recognizes that this case involves an ex parte order whereas the Shawmut case involved an order of replevin issued subsequent to a hearing pursuant to which the court found probable cause. That distinguishing factor does not however, call for a different result. The holding of the Supreme Court in Doehr would not apply to a suit on a debt, as opposed to a tort action, since "disputes between debtors and creditors more readily lend themselves to accurate ex parte assessments of the merits." Connecticut v. Doehr supra, at p. 2115. See Union Trust Co. v. Heggelund, 219 Conn. 620, 624m n, 3 (1991).
Since the Connecticut statutory scheme as to actions of replevin does not violate the United States Constitution, the defendant's fifth special defense must fail. Therefore, the plaintiff's motion to strike is granted.
Bruce W. Thompson, Judge